474 F.2d 1343
 82 L.R.R.M. (BNA) 3183, 70 Lab.Cas. P 13,511
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
United States of America, Appellee,
v.
George Robert Bauer, Appellant.
 No. 72-2299.
 United States Court of Appeals, Fourth Circuit.
 March 13, 1973.
 
 Before CRAVEN, FIELD and WIDENER, Circuit Judges.
 PER CURIAM.
 
 
 1
 George Robert Bauer appeals his conviction by a jury on a one-count indictment charging him with embezzling union funds, 29 U.S.C. Sec. 501(c).[1] Bauer, as President of Local 18L of the Lithographers and Photoengravers International Union, received a check mailed to Local 18L from the International Union. The check was made payable to the local union, and it was endorsed and cashed by Bauer in his official capacity as an officer of the local. Contrary to the standard procedure of depositing the check into Local 18L's account and entering the receipt in the ledger books, Bauer took at least as much as $600.00 of the cash received for the check and converted it to his own use.
 
 
 2
 We perceive no merit in the defendant's further contention that the evidence fails to establish that the funds he embezzled belonged to Local Union No. 16. The record discloses that the dues and vacation payments were received by the defendant as the official representative of the Local who was authorized to collect them and charged with responsibility for their delivery to the Local at its headquarters. The funds were in his custody by virtue of his official status as the Union's authorized collector. They were the Union's funds.
 
 
 3
 United States v. Ford, 462 F.2d 199, 201 (7th Cir.1972). See Doyle v. United States, 318 F.2d 419 (3d Cir.1963).
 
 
 4
 We therefore dispense with oral argument and affirm the conviction.
 
 
 5
 Affirmed.
 
 
 
 [1]
 29 U.S.C. Sec. 501(c) states that:
 any person who embezzles, steals, or unlawfully and wilfully abstracts or converts to his own use or the use of another, any of the moneys, funds, securities, property, or other assets of a labor organization of which he is an officer, or by which he is employed, directly or indirectly, shall be fined not more than $10,000.00 or imprisoned for not more than five years, or both.
 FNBauer's primary contention on appeal is that the money he embezzled did not belong to Local 18L, of which he was an officer, but instead was at all times the property of the International Union. This argument is without merit.